IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WOODLAND,<br><br>        Plaintiff,<br><br>v.<br><br>BISHOP, et al.,<br><br>        Defendant. | **ORDER TO FILE AMENDED COMPLAINT**<br><br>Case No. 2:23-cv-00881-JNP-CMR<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

Pro se plaintiff Rodney Woodland (Mr. Woodland or Plaintiff), proceeding *in forma pauperis*, filed this action against Defendants Deputy Clerk Cyndia Bishop, Judge James Blanch, and Prosecutor Michael McDonald (Defendants) (ECF 6). For the reasons set forth below, the court ORDERS Mr. Woodland to file an amended complaint by **June 3, 2024**.

Whenever the court authorizes a party to proceed *in forma pauperis*, the court must dismiss the case if the court determines the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In determining whether a complaint fails to state a claim for relief under section 1915, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). The court accepts as true well-pleaded factual allegations and views the

1

allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013). But the court need not accept the plaintiff's conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

Additionally, Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and further provides that "[e]ach allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1). "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted).

Because Mr. Woodland proceeds pro se, his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. Still, a pro se plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). For instance, a pro se plaintiff "still has the 'burden of alleging sufficient facts on which a recognized legal claim could be based.'" *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (quoting *Hall*, 935 F.2d at 1110). While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements," *Hall*, 935 F.2d at 1110, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a

plaintiff's behalf," *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (*Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)).

Here, Mr. Woodland's Complaint lacks a short and plain statement showing he is entitled to relief and fails to state any plausible claim for relief. Mr. Woodland submitted his Complaint to the court on December 5, 2023 (ECF 2; ECF 6). The Complaint consists of only six numbered paragraphs setting forth brief, conclusory allegations. Although the precise nature of his claims is difficult to discern, the Complaint appears to relate to a state case in Third District Court involving Defendants (ECF 6 at 3). Mr. Woodland alleges that Defendants violated his "unalienable rights" to life, liberty, and the pursuit of happiness and alleges negligence, unjust enrichment, and breach of fiduciary duties by Defendants (ECF 6 at 5). However, Plaintiff does not allege any specific misconduct by Defendants or adequately explain the factual or legal basis for his claims. Plaintiff makes only conclusory allegations about the violation of his rights.

For these reasons, Mr. Woodland fails to adequately state a claim in his Complaint. His Complaint also fails to comport with Rule 8. Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217 (quoting *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001)). Accordingly, the court gives Mr. Woodland an opportunity to amend his complaint. Mr. Woodland is ORDERED to file an amended complaint by **June 3, 2024**. Failure to do so may result in an order or recommendation to dismiss this action.

DATED this 13 May 2024.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah